**ARCO POLYMERS, INC., Appellant,**

v.

**STUDIENGESELLSCHAFT KOHLE and Max-Planck-Institut Fur Kohlenforschung, Appellees.**

No. 83–642.

United States Court of Appeals, Federal Circuit.

June 15, 1983.

Before FRIEDMAN, RICH, BALDWIN, KASHIWA and BENNETT, Circuit Judges.

ORDER

FRIEDMAN, Circuit Judge.

Appellant, Arco Polymers, Inc. ("Arco"), instituted this action in the United States

District Court for the Eastern District of Pennsylvania, seeking a declaratory judgment that certain of the appellees' United States patents are invalid and have not been infringed through Arco's operations at its plant in Monument, Texas. This appeal involves one of those patents, the '115 patent.

The district court, 555 F.Supp. 547, dismissed the complaint as barred by *res judicata* because: (1) Arco had purchased the plant from a company that itself had purchased the plant from Phillips Petroleum Company ("Phillips"); and (2) in prior litigation, Phillips' operations in the Monument plant had been held to infringe the '115 patent. *Ziegler v. Phillips Petroleum Co.*, 483 F.2d 858 (5th Cir.1973), *cert. denied*, 414 U.S. 1079, 94 S.Ct. 597, 38 L.Ed.2d 485 (1973). The sole question in this appeal is whether the district court properly applied *res judicata* to bar Arco from litigating the validity of the '115 patent.

There is pending before this court an appeal from the decision of the United States District Court for the District of Delaware in *Studiengesellschaft Kohle, m.b.H., v. Dart Industries, Inc.*, 549 F.Supp. 716, which held the '115 patent valid and infringed. *Studiengesellschaft Kohle, m.b.H., v. Dart Industries, Inc.*, Appeal No. 83–591.

Arco informed the district court in the present case that it "agrees to be bound by the final result in the Delaware [*Dart*] litigation." This court expects to hear the *Dart* case in the summer or early fall. Since Arco will be bound by the "final result" of the *Dart* case—a case which directly involves the validity of the patent at issue here—we think it appropriate to suspend further proceedings in this case until we have decided *Dart*. The decision in *Dart* may be dispositive of the present case. If it is, there would be no need for us to determine the *res judicata* issue in the present case.

Accordingly, it is ordered that proceedings in this case be suspended, pending the decision in the *Dart* case. After that case

has been decided, we shall determine the appropriate disposition of the appeal in the present case.